Kentucky Flour Company's Assignee, &c., v. Merchants' National Bank.

CASE 37—PETITION EQUITY—MAY 24.

# Kentucky Flour Company's Assignee, &c., v. Merchants' National Bank.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

BANKS—ASSIGNMENTS FOR CREDITORS—SET-OFF.—Where an insolvent debtor who makes an assignment for the benefit of creditors is indebted to a bank with which he has money on deposit, the bank may apply the deposits as a credit on its debt, although the debt had not matured at the time the assignment was made. The right of equitable set-off exists.

THOMAS B. FAIRLEIGH FOR APPELLANTS.

Where a bank has unmatured claims against a depositor at the time he makes an assignment for the benefit of creditors, it can not apply the deposits to the payment of its claims to the exclusion of other creditors; and especially is this true where the deposit was made on the day of the assignment. (Chenault v. Bush, 84 Ky., 529; Graham v. Tilford, &c., 1 Met., 119; Beckwith v. Union Bank, 5 Seld., 211; Jordan v. Bank, 74 N. Y., 468; Armstrong v. Scott, 36 Fed. Rep., 63; Snyder v. Armstrong. 37 Fed. Rep., 18; Chipman v. Ninth National Bank, 13 Att. Rep., 707.)

BROWN, HUMPHREY & DAVIE FOR APPELLEE. .

1. When a depositor in a bank becomes insolvent and makes an assignment, the bank has the right to an equitable set-off of the deposit against any notes of said depositor held by the bank; although they were not due at the date of the assignment. (Chenault v. Bush, 84 Ky., 528; German Insurance Bank v. Jackson, 10 Ky. Law Reporter, 1061; Masonic Savings Bank v. Bangs, 84 Ky., 135; 1 Bibb., 519; 5 J. J. Mar., 661.)

2. The assignee for the benefit of creditors is a mere volunteer, and is not a purchaser for value; and a set-off good as against the assignor is good as against him. (Bridgeford v Barbour, 80 Ky., 529.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The Kentucky Flour Company, on June 15, 1888, made a general assignment for the benefit of its cred-itors. Among them was the appellee, the Merchants'

National Bank, to the amount of nearly thirty thousand dollars. It had in its hands at the time, arising from cash deposits made by the Flour Company on and before the day of the assignment, and from commercial paper left by it with the bank for collection, three thousand four hundred and thirty-three dollars and seventy-nine cents, and the assignee sues to recover this sum. The bank claims the right to credit it upon its debt.

The facts above stated appear from the petition. It is by no means certain whether, upon its averments, the debt owing to the bank should be considered as having been due, or not due at the time of the assignment. We will, however, with a view to a full consideration of the question, but with some doubt, assume, as contended by the appellants' counsel, that the petition shows it had not then matured. The lower court dismissed the petition upon demurrer. The question before us is, whether a bank can apply deposits made with it by one who subsequently makes an assignment for the benefit of his creditors, as a credit upon a debt owing to it by the insolvent, but which had not matured at the time of the assignment.

Courts of equity in this State applied the doctrine of equitable set-off prior to the existence of our statute. It was found to be necessary to complete justice in cases where some fact existed impairing the efficacy of the legal remedy. Grounds must exist for its application, and insolvency has long been recognized as one of them. It is urged that equality among creditors is equity, and that to allow the bank to apply

the deposit upon the indebtedness to it would defeat an equitable distribution of the insolvent's estate. It is true that equality in such a case is the policy of the law, but it would be inequitable to extend it so far as to disregard existing equities. It would be unconscientious for an insolvent to coerce the payment of his claim from one to whom he is indebted in a larger sum, although the debt of the latter might not be due. The insolvent should not *ex aequo et bono* have such a right.

In the case of Chenault, Receiver, &c., v. Bush, 84 Ky., 528, two parties executed a joint obligation. Before its maturity one of them made an assignment for the benefit of his creditors. After the assignment the other joint obligor paid the entire debt. In an action against him by the assignee upon a note executed by him to the assignor it was held that he could set-off one-half the joint debt paid by him. Here the claim of the party asking the set-off had not matured at the time of the assignment. A right of set-off would, however, have existed as against the assignor in the event of no assignment, and the assignee merely took the estate for the benefit of the creditors, subject to all existing equities and discounts. He is not an assignee for value, but a volunteer, and any claim of the insolvent upon a party coming to his hands is subject to the same right of set-off which would have existed against it if no assignment had been made.

It is contended, however, that a bank stands in a different attitude from a mere individual, because its depositor would have the right to check out his

deposit at any time prior to the assignment, and the bank would have no right to refuse it upon the ground that he was owing it an unmatured debt. If this be so, and it doubtless would be in case checks were given to third parties, yet we fail to see how it can affect the question here, inasmuch as the money was not withdrawn from the bank. It is true this seems to have been the ground upon which the case of Beckwith v. Union Bank of New York, 9 N. Y., 211, was determined; but the opinion in that case is meagre in argument, and, so far as reason is given, it is unsatisfactory.

In the case of Jordan v. National Shoe and Leather Bank, 74 N. Y., 467, cited by counsel, no ground for equitable set-off was presented. The opinion expressly says so. It is unquestionably the law thåt, as between individuals, the right of equitable set-off exists, although the debt had not matured at the time of the insolvency. Ordinarily, of course, a debt not due can not be set-off against one already due. To allow it would be to change the contract and advance the time of payment. But where the party asserting the due debt is a non-resident, or becomes insolvent, then either of these conditions, *ipso facto*, gives to the other party the right of equitable set-off, although his debt had not matured when his debtor became insolvent, or the condition arose giving the right of equitable set-off. In the application of the rule there should be no difference between an individual and a bank. There is no ground for a distinction. The bank is merely a debtor to its depositor. It is true the debt is payable on demand, but if the money be

not withdrawn, and the depositor becomes insolvent, the right of equitable set-off exists, just as in case of co-existing demands between individuals ; and in case the depositor assigns for the benefit of his creditors, his assignee takes the estate, subject to any equities which existed against the assignor at the time of the assignment.

It is said, however, that such a rule will lead to inequitable preferences, and, in effect, destroy the efficacy of what is generally known as the statute of 1856, relative to a preference of a creditor We think the alarm of counsel is groundless. If a deposit were made with a bank in contemplation of insolvency, and with a design to prefer it, those being the grounds upon which that statute declares the entire estate of the debtor, including that transferred, shall inure for the benefit of his creditors generally, a state of case would be presented not now before us. We can not presume this is such a case, because here the company was evidently engaged in a considerable business, having numerous transactions with its bank, and the deposit in question is a comparatively small one. This question is not presented by the petition, and it would be improper, therefore, to intimate any opinion as to it.

Judgment affirmed.