CASE 84—PETITION ORDINARY—MAY 22.

# Merchants' National Bank v. Robinson & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

A BANK HAS NO RIGHT TO SET OFF AGAINST A DEPOSITOR'S CHECK the amount of an unmatured note which it holds against the depositor, although the depositor is insolvent and the bank will otherwise lose its debt.

HUMPHREY & DAVIE FOR APPELLANT.

1. A bank whose depositor and debtor has made a "general assignment in insolvency, has the right to set off against the deposit any debts the insolvent depositor may owe the bank;" although such debts may not have fallen due at the date of the depositor's assignment in insolvency. (Ky. Flour Co. v. Merchants' National Bank, 90 Ky., 222; German Ins. Bank v. Jackson, 10 Ky. Law Reporter, 1061; Morse on Banking, 2 Ed., 337; 3 Leigh (Va.), 697; Forbes & Bro. v. Cooper, 88 Ky., 285.)

2. As the depositor can not defeat the bank's right of set off by a general deed of assignment of "all" his property, including his deposit, for the benefit of "all" his creditors; so, on the same principle, he can not defeat it, when insolvent, by assigning by deed or check the deposit for the benefit of one particular creditor. Therefore, even if a check be treated as an "assignment" of the deposit, it will be held, like a general deed of assignment, to be an assignment "subject to the bank's right of

Merchants' National Bank v. Robinson & Co.

set-off." (Bank of Maysville v. Windisch Brew. Co., 50 Ohio St., 151; Hawes v. Blackwell, 22 Am. St., Rep., 873; 107 N. C., 196; Laclede Bank v. Schuler, 120 U. S., 511.)

3. The case of Lester & Co. v. Given, Jones & Co., 8 Bush, 357, only holds that a check is an assignment of the deposit; and leaves undecided the question, here, as to whether such assignment is or is not subject to the bank's right of set-off.

4. The case of Graham v. Tilford & Barkley, 1 Met., 112, which held that there could be no set-off unless the debt had matured, is an obsolete case; it being in conflict with, and in effect silently over-ruled by, Chenault v. Bush, 84 Ky., 528; and in Ky. Flour Co. v. Merchants' Nat. Bank, 90 Ky., 225, where it was cited by counsel, and disregarded by the court.

STROTHER & GORDON FOR APPELLEES.

1. The giving of a check by a depositor is an absolute assignment and appropriation of so much money in the bank to the holders of the check, and upon the refusal of the bank to pay the same the check-holder can maintain an action against the bank for the amount of the check. (Smith &c. vs. Jones, 2 Bush, 106; Lester & Co. v. Given-Jones & Co.. 8 Bush, 358; Weinstock v. Bellwood, 12 Bush, 140; Chambers v. Northern Bank of Ky., 5 Law Rep., 124; Deatherege v. Crumbaugh, 8 Ky. Law Rep., 594; Senton v. Continental Bank, 7 Mo. App., 332; Roberts' Ass'nee v. Corbin & Co., 26 Iowa, 315; Fogarties v. State Bank, 12 Rich., Law, 518; Union National Bank v. Oceana County Bank, 80 Ill., 212; Fonner v. Smith, 47, N. W. Rep., 632.)

2. A bank can not in cases of insolvency or under any other circumstances set off debts *not due* against the checkholders. (Chambers v. Northern Bank, 5 Ky. Law Rep., 124; Deatherege v. Crumbaugh, 8 Ky. Law Rep., 593; Am. & Eng. Ency. of Law, vol. 13, 578; Boone on Law of Banking, sec. 65; Fogarties v. State Bank, 12 Rich., Law, 518; Morse on Banking, sec. 329; Roberts v. Corbin, 26 Iowa, 315; Commercial National Bank v. Proctor, 98 Ill., 558; Merchants' National Bank v. Reitzinger, 20 Ill., App., 27; Daniel on Negotiable Instruments, p. 551; Fourth National Bank v. City National Bank, 68 Ill., 398; 11 Central Law Journal, 381.)

3. A check given by a depositor is not revoked by an assignment for the benefit of creditors and the conveyance of his assets to an assignee. (Roberts' assignee v. Corbin, &c., 26 Iowa, 315.)

4. The cases of Hawes v. Blackwell, 22 American State Rep., 873, Bank of Maysville v. Windisch-Muelheuser Brewing Co.,. 33 N. E. Rep., 1054, and Laclede Bank v. Schuler, 120 U. S., 511, do not sustain appellant's claim of the right of set-off.

5. The cases of Kentucky Flour Company v. Merchants' National

Bank, 90 Ky., 225, and German Insurance Bank v. Jackson, 10 Ky. Law Rep., 1061, cited by appellants, involved the question as to rights between the bank and the assignee and have no application to the rights of a check-holder for value.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the 9th of June, 1892, J. M. Robinson & Co. instituted this action in the Jefferson Court of Common Pleas, against the Merchants National Bank of Louisville, alleging, in substance, that George W. Wicks & Co. executed and delivered to them, on the 2d day of November, 1891, their check on the defendant bank, by which they directed said defendant to pay to plaintiffs, or order, the sum of $215.60, absolutely and without condition. That on the 3d day of November, 1891, plaintiffs duly endorsed said check and presented the same at the office of defendant, and demanded payment thereof, when defendant refused to pay same, and the same, or any part thereof, has not been paid, and said check was then duly protested for non-payment. That at the time said check was drawn and presented for payment as aforesaid, and for many months before said date, said George W. Wicks & Co. were, and had been, customers and depositors of said bank, and on said 2d of November, 1891, there was on deposit at said bank to the credit of said George W. Wicks & Co., and belonging to them, a sum largely in excess of the amount of said check, to-wit: The sum of at least $1,800, which sum remained and was so on deposit in said bank on the 3d of November, 1891, and was so on deposit when said check was presented for payment, and that the refusal of the defendant to pay same was wrongful, and defendant thereby became, and is, indebted to plaintiff in the said sum of $215.60, with interest from the 3d of November, 1891, for which sum plaintiffs pray judgment.

On the 19th of September, 1892, defendant filed its answer

to said petition, containing two paragraphs. The first paragraph having been withdrawn need not be noticed. The second paragraph of the answer averred, in substance, that the said George W. Wicks & Co. were insolvent at the time of the execution of said check, and, on the said 2d of November, made and executed a general deed of assignment for the benefit of their creditors and ceased to carry on business, and have, ever since, been wholly insolvent. That the fact of said insolvency and assignment was known on the 2d of November, 1891, to the plaintiff and to the defendant. Said answer also showed an indebtedness of George W. Wicks & Co. to the defendant at the time of the execution of said check of more than $6,000, no part of which, however, was due at the time of the presentation of said check. Defendant further alleged that on the 2d of November, before it had any notice of the existence of said check, or before same was presented, it determined to and did exercise its right to set off its indebtedness to said Wicks & Co., by reason of their deposit with it, against the said debts due from Wicks & Co. to it, and it was claiming the said right at the time of the presentation of said check to it, and has ever since claimed said right, an equitable right of set off, and unless it is allowed to exercise same, it will lose its said debt, exceeding $6,000, and that the other parties to said indebtedness are all insolvent, and nothing can be made out of them, and prays that the cause be transferred to equity.

A demurrer was sustained to the answer, and defendant failing to plead further, judgment was rendered in favor of plaintiff for the amount claimed, and to reverse that judgment this appeal is prosecuted.

The only question involved is the right of appellant to set off the indebtedness of Wicks & Co. to it against the amount

due from the appellant to its depositors, Wicks & Co. No other defense is sufficiently pleaded.

Counsel on each side have cited numerous authorities, and it may be true there is some conflict of authority in different States. Appellant insists that inasmuch as the drawers of the check were and still are insolvent, it had a right to exercise the right of set-off, although the debts owing to it from Wicks & Co. were not due at the time the check was given and payment demanded, and refers to the cases of Kentucky Flour Company's Assignee v. Merchants National Bank, 90 Ky., 225, and German Insurance Bank v. Jackson, 10 Ky. L. R., 1061.

An examination of these cases will show that the contest was between the assignee for the benefit of creditors of the depositor, and the bank.

An assignee for the benefit of creditors occupies no better position than his assignor, and in a contest between such assignee and a bank, it was held that the bank might set off the debt due the assignor against a depositor with an unmatured note, due it from such assignor, but a different rule prevails when the contest is between the holder of a depositor's check and the bank on which it is drawn.

In the case of Kentucky Flour Company's Assignee v. Merchants National Bank, 90 Ky., 227-8, relied on by appellant, the following language is used: "It is contended, however, that a bank stands in a different attitude from a mere individual, because its depositor would have the right to check out his deposits at any time prior to assignment, and the bank would have no right to refuse it upon the ground that he was owing it an unmatured debt. If this be so, and it doubtless would be in case checks were given to third parties, yet we fail to see how it can affect the question here."

It thus clearly appears that if the contest had been between the holder of the check of the Kentucky Flour Company and the appellee, bank, the court would have adjudged in favor of the holder of the check.

The case of Graham v. Tilford, &c., 1 Met., 112 (not referred to by counsel), seems to be an authority in point against appellant's contention. In the case, *supra*, it appears that McMurtry held an account on Graham and assigned the same to Tilford, &c., who brought suit thereon. Graham answered and sought to set off the account with an unmatured note on McMurtry, which had been assigned to him before he had notice of the assignment by McMurtry to Tilford, &c., of the account on him. The insolvency of McMurtry was admitted, but the court held that Graham could not set off the demand against him with the note he held on McMurtry, for the sole reason that at the time he had notice of the assignment by McMurtry of the account to Tilford, &c., the note he, Graham, held on McMurtry had not matured, but that if the contest had been between Graham and McMurtry, the set-off would have been allowed.

The law of this State is that an unmatured debt can not be set off against a *bona fide* assignee for value of a demand due from the defendant to the assignor.

The judgment of the court below is therefore affirmed.