A. F. SWEETSER v. PEOPLE'S BANK OF MINNEAPOLIS.[1]

July 2, 1897.

Nos. 10,556—(218).

**Bank—Setting Off Note against Deposit.**
A bank has the right to set off a note owing it by an insolvent depositor against the depositor's account, whether the note is due or not.

Appeal by plaintiff, as assignee of Arthur N. Randall, from an order of the district court for Hennepin county, Elliott, J., denying

[1] Reported in 71 N. W. 934.

his motion for a new trial, after a trial before the court without a jury. Affirmed.

*S. A. Reed*, for appellant.

*Geo. D. Emery*, for respondent.

BUCK, J.

In February, 1896, one Randall was indebted to the People's Bank of Minneapolis in the sum of $4,180, which would become payable in 60 days. Randall solicited an extension of time of payment of this indebtedness, and to this end he entered into negotiations with the officers of the bank which resulted in his executing to one Weeks, as trustee of the bank, a deed of trust dated March 11, 1896, conveying certain real estate owned by Randall, as security for the payment of said sum, which sum by the terms of said deed was to be paid on or before one year from the date thereof, with interest at the rate of 8 per cent. per annum. Three thousand dollars of this indebtedness consisted of two personal notes of Randall, which he renewed for short periods of time subsequent to the giving of the deed, but no part of the principal was paid. On the balance of $1,180 Randall paid the bank prior to July 27, 1896, the sum of $900. For a period of several years prior to the execution of said trust deed, and for several months subsequent thereto, Randall continued to do business with the bank, such as depositing money therein and drawing checks on it in the usual and ordinary course of banking business. On June 16, 1896, Randall, being so justly indebted to said bank, executed his renewal negotiable promissory note in writing, dated that day, whereby, for value, he promised to pay to the order of said bank, 30 days after said date, the sum of $1,000, with interest, which note the bank owned at the trial of this action. The evidence conclusively showed that at the time of the execution of said trust deed the parties agreed to renew from time to time the notes representing this indebtedness. When the $1,000 note above referred to became due, Randall wholly failed and neglected to pay or renew it, although he testified that a day after its maturity he offered to renew it, but he never did so.

The trial court found as facts—

"That on the 27th day of July, 1896, said note being then long past due, there was on deposit in said bank to the credit of said Randall

the sum of $893.97, which moneys had been deposited by and for said Randall in the usual course of business, and subject to his order or check; that on said July 27, 1896, said bank, of its own motion and accord, applied said deposit, and the whole thereof, in part payment upon said note of said Randall, then past due and wholly unpaid; that on July 31, 1896, there was in said bank on deposit to the credit of said Randall, and subject to his check, the further sum of $17.35, which had been deposited in the usual course of business by and for said Randall, and on that day said bank, of its own motion and accord, applied said further sum of $17.35 upon the said note of said Randall in further part payment thereof; that, on each and both said dates when said money was so applied, said Arthur N. Randall was insolvent, and unable to pay his debts then due in the usual course of business; that the allegations of defendant's answer herein are true."

On August 8, 1896, Randall made an assignment of all his non-exempt property to the appellant, Sweetser, under the insolvency laws of the state, who duly qualified as such assignee, and demanded of the bank that it pay him the said sum of $911.32, which it had previously applied upon said note of $1,000. The bank refused to make such payment, and thereupon Sweetser brought this action, and upon trial judgment was ordered in favor of the defendant.

The appellant contends that by the terms of the trust deed the time of the payment of the indebtedness was absolutely extended until March 11, 1897, and hence the bank had no right to apply Randall's deposit to the payment of the $1,000 note, especially as he claims that the evidence is insufficient to show that Randall was insolvent until August 8, 1896. It is unnecessary for us to pass upon the question of the effect of the clause in the deed above referred to in connection with the agreement to renew, and actual renewal of, the note securing such indebtedness.

It must be conceded that Randall was insolvent on August 8, 1896, when he made the assignment, and the bank then had the right to make an equitable set-off of the note owing it by Randall against any deposits which he had in the bank, whether the note was due or not. Sweetser, as assignee, had no greater rights in the deposit funds than Randall would have had if he had not made the assignment. This being so, Sweetser cannot maintain this action to recover the amount of such deposits, whether the bank legally applied them on the note at the times stated, or whether they re-

mained unapplied on August 8, 1896, or at the time of the commencement of this action. The deposits were less in amount than Randall's indebtedness to the bank, and its right to set off the deposits against the insolvent's note is unquestionable. The deposit had not been pledged to any specific purpose, nor impressed with any trust; and the rule seems to be quite universal that, if the debtor is insolvent, a bank may set off, as against such depositor's account, a debt not even yet due. Stolze v. Bank, 67 Minn. 172, 69 N. W. 813; Thomas v. Exchange, 99 Iowa, 202, 68 N. W. 780, and authorities there cited.

Order affirmed.