NORVAL, J., offered no opinion.

---

COLUMBIA NATIONAL BANK OF LINCOLN v. GERMAN NATIONAL BANK OF LINCOLN.

FILED DECEMBER 8, 1898. NO. 8509.

1. **Testimony and Evidence:** DEFINITIONS. "Testimony" and "evidence" are not synonymous terms. The latter is the generic term, and the former applicable to a species or kind of evidence.

2. **Bill of Exceptions:** PRESUMPTIONS: EVIDENCE. If a bill of excep-

tions which purports to contain all the evidence is submitted to the adverse party for examination and amendment, and he returns it with an indorsement that he has no amendments to propose, it will be presumed to contain all the evidence. (*Cattle v. Haddox*, 14 Neb. 59.)

3. ———: AUTHENTICATION. The use of the word "testimony" for "evidence" in the certificate of the trial judge in the allowance of a bill of exceptions, if the meaning is obvious, or it is clear that the latter is intended, will not render the document inoperative.

4. **Action on Check.** A check upon a bank by a depositor operates a transfer of its amount to the payee if on deposit at the time of presentation, and the payee or holder may, on refusal of payment, maintain a suit on the instrument for the recovery of its stated sum.

5. **Banks and Banking:** APPLYING ACCOUNT TO DEPOSITOR'S DEBT: CHECKS. As against the holder of a check against an account of a depositor the bank of deposit may not apply the amount of the account to the payment of the indebtedness of the depositor to the bank which is not yet due, although the depositor may be insolvent.

6. **Pleading:** INCONSISTENT DEFENSES: ESTOPPEL. Two defenses irreconcilably inconsistent may not be enforced, and the position assumed by the party prior to the suit relative to the facts and circumstances involved in the transactions drawn into question will prevail.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Reversed.*

*J. H. Broady* and *E. E. Brown,* for plaintiff in error.

*N. C. Abbott* and *Abbott, Selleck & Lane, contra.*

HARRISON, C. J.

On June 2, 1893, the State Bank of Cortland was engaged in the business suggested by its name, and at the place thereby indicated, and in the course of such business drew and forwarded an order or a check on the German National Bank of Lincoln in favor of "J. H. McClay, cashier," he being such officer of the Columbia National Bank of Lincoln, for the sum of $898, and inclosed the same in an envelope addressed "Columbia Na-

tional Bank, Lincoln, Nebraska," and mailed the package. On June 3 it did likewise in relation to an order or check similar in form and substance in the material portions except amount, which was $3.88. The instruments, or checks we may call them,—for whatever may be the proper technical designation they were in effect checks and to be considered as such (*Bull v. First Nat. Bank of Kasson*, 123 U. S. 109),—were received through the mail by the Columbia National Bank on June 7, 1893, and were, in the morning of the day of reception, presented to the drawee for payment, which was refused. The bank of Cortland had an account with the German National Bank, and on the morning of June 7, 1893, there was to the credit of the former the sum of $983, which was subject to check. At the close of business on June 6, 1893, the bank of Cortland suspended, passed into the hands of a receiver, who afterward continued in possession for the sole purpose of adjustment of its affairs. The bank of Cortland was a debtor of the German National Bank, the indebtedness being evidenced by promissory notes which were payable on dates subsequent to June 7, 1893, or they were not then due, but on that date the amount, which was shown by the open account, in favor of the bank of Cortland was by the German National Bank credited as a payment on one of the notes to which we have just referred, and the account balanced or closed. In this, an action by the Columbia National Bank against the German National Bank to recover the amount of the two checks sent it by the bank at Cortland, the defendant was accorded a judgment, to reverse which the plaintiff has prosecuted an error proceeding to this court.

What may not be inaptly termed a preliminary question, which has its origin in the condition of the record as presented, is raised and urged for the defendant. The certificate of the trial judge of the allowance of the bill of exceptions recites that the document contains "all the testimony adduced or offered on the hearing of the"

cause, and in other portions of its statements the reference in each is to "testimony." It is of this it is objected that it is insufficient, inasmuch as "testimony" means but a part of the evidence, and the certificate should show that all the evidence was included in the bill of exceptions. It is incontestably true that "testimony" and "evidence" are not synonymous terms; that testimony is but a kind or species of evidence; that the former is in a trial the portion of the latter which may be given orally by witnesses; that the latter is inclusive of the testimony of witnesses, documents, etc.; that "evidence" is the generic term (*Gazette Printing Co. v. Morse,* 60 Ind. 153); and if we were confined to the certificate and could look no further, it might be fatal to the bill of exceptions (*Gazette Printing Co. v. Morse, supra; Lindley v. Dakin,* 13 Ind. 388); but an examination of other parts of the document reveals that it was presented, as the law required, to the adverse party for examination and proposal of amendments, and returned indorsed, "I herewith return the within bill of exceptions and suggest no amendments," over the signature of counsel. From such an indorsement the presumption arises that the bill of exceptions, on which it appears, contains all the evidence, though the certificate of the trial judge may not so state. (*Cattle v. Haddox,* 14 Neb. 59.) There being nothing in this record to indicate to the contrary, such presumption must be indulged and govern. Furthermore, if the certificate be read in connection with other matters of the bill of exceptions to which it is attached, it is clearly disclosed that testimony therein is used as the equivalent of evidence, and when this is true, it is sufficient. (*Harris v. Tomlinson,* 130 Ind. 426.)

It is the contention for the plaintiff that the judgment of the trial court was violative of the rules that a check drawn on funds in a bank is an appropriation of its amount in favor of the holder, and on refusal of its payment, where the funds have not been drawn out prior thereto, the holder may sue for the recovery of the

amount (*Fonner v. Smith*, 31 Neb. 107); and further, that the bank could not, as against the rights of the holder of the checks, apply the deposit or money on open account subject to check to the payment of a debt of the depositor to the bank, which had not matured or was not due. We believe these propositions advanced for the plaintiff are sound, and will adopt them. They are thoroughly supported by precedent, and we think the logic and reason applicable to the events and circumstances of the matter in hand. Counsel for plaintiff have cited the following cases, which fully sustain their position: *Merchants Nat. Bank v. Robinson*, 97 Ky. 552, 31 S. W. Rep. 136; *Fourth Nat. Bank v. City Nat. Bank*, 68 Ill. 398; *Fuller v. Steiglitz*, 27 O. St. 355; *Jones v. Manufacturers Bank*, 10 W. N. C. [Pa.] 102; *Manufacturers Nat. Bank v. Jones*, 2 Pen. [Pa.] 377; *Oatman v. Batavian Bank*, 77 Wis. 501; *Merchants Nat. Bank v. Ritzinger*, 20 Ill. App. 27; *Skunk v. Merchants Nat. Bank*, 16 W. L. B. [O.] 353; *Spalding v. Backus*, 122 Mass. 553.

It was of the evidence that on the morning of June 7, 1893, the cashiers of the defendant bank had a telephonic conversation with the president of the bank of Cortland, in which the propriety of the action of the former in applying the amount of the open account of the latter as a payment on its debt to the former, which was not yet due, was discussed, and soon after this conversation was closed, the president of the bank of Cortland sent a telegram to the said cashier in which he attempted for the bank to authorize such action as we have indicated. The telegram was of date June 7 and stated: "Apply our balance on our indebtedness. State Bank Cortland." But all this was futile, for the Cortland bank had, on the evening of June 6, passed from the control of its officers to the hands of the officers of the state, and it was no longer a going concern.

It appeared in evidence that of the amount of the open account of the Cortland bank with the defendant at or about the times of the transactions involved herein there

was the sum of $590.05, the amount of a draft received from the bank of Cortland, and with which it was credited and of which payment was refused on presentation to the bank in Chicago on which it was drawn. It was subsequently paid, but this fact cuts no figure in the present controversy. It is now urged for defendant that it had the right, when the payment of this draft was refused, to charge its amount back against the account of the Cortland bank, and this being true, there was not money to pay the checks of plaintiff in the hands of defendant, and its refusal of payment was warranted and must be upheld. As we view this matter as developed in the evidence the defendant has furnished by its action a solution of this question. On the morning of June 7 it had no hesitancy, when it desired to apply the amount of the balance of the account of the bank of Cortland to the payment of its debt to the defendant, in considering the whole of such amount as belonging unqualifiedly to the bank of Cortland, and will not be heard to assert now, if such money cannot be applied as it was then placed, it was but conditionally the property of the bank of Cortland, and we will now take another and different position in regard to it. It follows from what has been said that the judgment of the trial court was wrong, and it must be reversed.

REVERSED AND REMANDED.