JAMES WOOLWORTH ET AL., APPELLEES, V. EDWIN
PARKER ET AL., APPELLANTS.

FILED JANUARY 19, 1899.    No. 8665.

1. **Testimony:** EVIDENCE. The words "testimony" and "evidence" are not synonymous. The latter is the generic term. The former imports a kind of evidence. (*Columbia Nat. Bank of Lincoln v. German Nat. Bank*, 56 Neb. 803.)

2. **Bill of Exceptions:** ALLOWANCE AND AUTHENTICATION. The statute requires that a bill of exceptions be presented to the trial judge for settlement, and when settled that it be signed by the judge, with his certificate to the effect that it is allowed. (Code of Civil Procedure, sec. 311.)

3. ———: ———. The settlement and allowance are of the bill as a whole, inclusive of the statements of the heading and the body relative to what it contains; and where, from an inspection of the entire bill, it is obvious that the word "testimony" was used with reference to the evidence, and as synonymous with "evidence," it may be accorded such extended signification.

4. **Judgment:** LIEN. A judgment affords no lien upon an equitable interest in real estate.

5. **Homestead:** EVIDENCE. Findings of the trial court relative to an alleged homestead right in real estate *held* not contrary to the evidence.

6. **Review:** THEORY BELOW: ARGUMENTS. Parties in their presentment of a cause having rested their rights of priorities of liens on the determination of a definite stated question, this court will not extend the discussion, or settle them in accordance with other conditions or facts existent in the case.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Lamb & Adams,* for appellants.

*Abbott, Selleck & Lane* and *Mockett & Polk, contra.*

HARRISON, C. J.

In the petition filed in this action for James Woolworth, of appellees, it was pleaded that on June 20, 1894, he obtained a judgment in the district court of Lancaster county against George Thompson, of appellants, in the sum of $437; that an execution had been issued for the enforcement of said judgment and returned, by the officer to whom it was addressed and delivered, unsatisfied for want of property of the debtor on which to levy; that the judgment was still existing and unpaid; also, that George Thompson was then the owner of lot 1, in block 19, in Kinney's O Street Addition to the city of Lincoln, and to prevent the enforcement of said judgment had caused the title to said real estate to be conveyed by Edwin Parker, a party to this action, to one A. Hill, also a party to the action, without consideration moving from the last named person, and for the purpose of concealing the ownership of the property from the creditors of George Thompson, and especially from the plaintiff, now appellee; that George Thompson was the owner of the property and the title was held in trust for him by said A. Hill; "that the record title to the said lot rests, as shown by the records of said county, in the name of the defendant Ernest Parker, but plaintiff alleges that said Parker and —— Parker, his wife, have executed and delivered a deed of the said lot to the defendant A. Hill, and have thereby conveyed the legal title to the same to said Hill, and that the said defendants Thompson and Hill have kept the same from the records of the county register of deeds so as to conceal the fact of the said transfer from this plaintiff and thereby prevent the enforcement of the said judgment against the said lot. Wherefore plaintiff prays that the deed executed and

delivered by the defendants Parker and Parker to the defendant Hill may be held to be a conveyance of the said property to said George Thompson, and that he may be decreed to have the legal and equitable title to the same, and that the said deed to said A. Hill may be decreed to be for the use and the benefit of the said George Thompson; and that said judgment may be deemed to be a first and valid lien upon said property and the said property may be decreed to be subject to the execution of the plaintiff upon the said judgment heretofore recited and set out; that said property be sold as upon execution, and out of the proceeds of sale the plaintiff be first paid the amount of his said judgment, and for such other and further relief as to the court shall seem just and equitable under all of the facts as they may be proved at the trial hereof; and for the costs of this action."

There was an answer or cross-petition for Milton L. Trester, in which it was stated that he obtained a judgment against George Thompson and Elsie Thompson, the wife of George Thompson, in the county court of Lancaster county for a named sum, April 3, 1895, of which a transcript was duly filed and docketed in the office of the clerk of the district court of said county on April 10, 1895, and an execution issued thereon September 23, 1895, then delivered to the sheriff, and, after unsuccessful search for personal property, levied on the real estate involved in the controversy. There were further allegations in this cross-petition which followed in the main the statements in the original petition in the action. The cross-petition also denied the existence of the judgment pleaded for James Woolworth. The prayer was that the property be subjected to the satisfaction of cross-petitioner's asserted judgment. In the answers filed for the Thompsons there were denials of the existence of either the judgment of the petitioner or the cross-petitioner. The ownership of the real estate was admitted, and that the legal title had been placed in the name of A. Hill, but without any purpose to defraud either of the com-

plainants or to hinder or delay them, or either of them, in the collection of any judgment or claim. There was also pleaded a homestead right in the property. There were also filed cross-petitions for six parties, each of whom asserted in plea a mechanic's lien on the premises, the subject of the suit.

Replies were filed, and of the issues joined there was a trial; and of the findings embodied in the decree were the following:

"This cause came on to be heard upon the petition of the plaintiff, the answers and cross-petitions of the defendants Milton L. Trester, the Rudge & Morris Company, the S. K. Martin Lumber Company, William A. Ecker, W. Jacobs, Nelson Taylor, and Amasa Hill, the answers of the defendants George Thompson, Elise Thompson, and Amasa Hill, and the replies of the plaintiff and the defendant Milton L. Trester, and the evidence, and was submitted to the court, on consideration whereof the court finds:

"1. That the defendant Edwin Parker is in default for want of pleadings in the said cause, and that said default was duly taken.

"2. That on the 20th day of June, 1894, the plaintiff recovered a judgment against the defendant George Thompson in the district court of said county in the sum of $437, and that said judgment bears interest at the rate of seven per cent from said 20th day of June, 1894; that afterwards an execution was duly issued out of the said court upon said judgment and was thereafter returned unsatisfied for want of property of the said defendant George Thompson on which to make a levy.

"3. That on the 3d day of April, 1895, the defendant Milton L. Trester recovered a judgment against the defendants George Thompson and Elise Thompson in the county court of said county for the sum of $793.80, and cost of suit, taxed at $5.40, and interest at ten per cent and that on the 10th day of April, 1895, the said Milton L. Trester duly caused a transcript of the said judgment

to be filed in the district court of said county, and caused execution to be issued thereon, which said execution was thereafter returned unsatisfied for want of property of the said George and Elise Thompson, found in said county, on which to make a levy.

"4. That on the 1st day of March, 1895, defendant Edwin Parker made, executed, and delivered a deed of lot 1, block 19, in Kinney's O Street Addition to the city of Lincoln, Nebraska, and thereby conveyed the said lot to the defendant A. Hill; that the legal title to the said lot remained in the said defendant A. Hill till on the 26th day of June 1895, when the said defendant A. Hill made, executed, and delivered to the defendant George Thompson a deed and thereby conveyed the legal title of the same to the said George Thompson; that the defendant A. Hill held the legal title to the said lot 1, block 19, aforesaid, in trust for the defendant George Thompson, and that the said A. Hill had at no time any right of ownership in or to the said lot other than as in trust for the said George Thompson, and that the said George Thompson was the real owner of the said lot from and after the 1st day of March, 1895, aforesaid. The court further finds that the equitable title to the said lot was in the defendant George Thompson during all of the time from and after said 1st day of March, 1895, and that the legal title to the same was put in the name of the defendant A. Hill, for the purpose of concealing the same from the plaintiff herein, and in fraud of the rights of the plaintiff herein, and that the plaintiff was entitled to a lien thereon from the said 1st day of March, 1895; that the deed from said Edwin Parker to said A. Hill, and the deed from the said A. Hill to the said George Thompson, have neither of them been recorded, and that the record title to the said lot remains in the defendant Edwin Parker, but that by the execution and delivery of the said deed the defendant Edwin Parker parted with all interest in and to the said lot, and has not now, and has not had since the said 1st day of March, 1895, any interest in or to the said lot.

"10. That the defendant A. Hill is not entitled to a lien on the said lot.

"11. That the lien of the plaintiff is a first lien on the said lot 1, block 19, in Kinney's O Street Addition to the city of Lincoln.

"12. That the lien of the defendant Milton L. Trester is a second lien on the said lot, subject only to the lien of the plaintiff's said judgment.

"13. That the liens herein found in favor of the defendants the S. K. Martin Lumber Company, William A. Ecker, the Rudge & Morris Company, William Jacobs, Nelson Taylor are of equal priority, and together formed the third lien on the said lot, subject only to the liens herein found in favor of the plaintiff and the defendant Milton L. Trester.

"14. That the defendants George Thompson and Elise Thompson did not have a right of homestead in the said lot at the time of the bringing of the suit and at the time when the lien of the plaintiff and the defendant Milton L. Trester attached to the said lot."

There were other findings, which we have not quoted, of the sums due the several mechanic's lien holders. There was a decree for a sale of the property, the proceeds to be brought into court to be applied in satisfaction of the liens.

It is urged for one of appellees that there can be no review of the evidence, for the reason that it must appear affirmatively that a bill of exceptions contains all the evidence given at the trial; and it is asserted that the bill in this case does not even purport to contain all the evidence. This assertion is based upon the fact that in the heading to the bill, and in the certificate of the trial judge, the word "testimony" was used, and nowhere is it stated in terms that the bill contains all the evidence. It was in every reference to the subject the "testimony" and not "evidence." " 'Testimony' and 'evidence' are not synonymous terms. The latter is the generic term, and the former applicable to a species or kind of evidence."

(*Columbia Nat. Bank of Lincoln v. German Nat. Bank*, 56 Neb. 803.) This bill of exceptions was presented to the adverse parties by the appellants and returned without amendments proposed, although there was no indorsement to such effect. It was presented to the trial judge for settlement and allowance, and by him settled and allowed, and he signed a certificate that it was allowed, in which certificate there appeared the statement that the bill contained all the "testimony" adduced or offered by either party. It is provided in the Code: "When settled, the bill must be signed by the judge with his certificate to the effect that the same is allowed." (See Code of Civil Procedure, sec. 311.) And we must conclude that this includes the entire bill,—all its statements. In the bill the word "testimony" was used generally to designate or refer to the evidence, and in such connections that it clearly meant "evidence;" from all of which we must conclude to herein allow the word an extended meaning or as employed in the stead of the proper term, "evidence." The meaning was obvious. Evidence was intended, and the bill is not for the reasons advanced inoperative. (*Columbia Nat. Bank of Lincoln v. German Nat. Bank, supra.*)

The attorneys for appellants state in their brief that "there is no controversy between George Thompson, the owner of the premises, and the several lien-holders. He concedes they are all valid liens for the amounts respectively found due them under the decree. The lien-holders join him in this appeal, as the title and priority of their liens depend upon the homestead title of the defendant George Thompson." The argument is, in effect, that the findings and decree of the district court are not sustained by the evidence, or are contrary to the evidence. A careful examination of the record convinces us that while a finding for the main appellants would possibly have sufficient of evidence to support it, the findings made on the principal questions are not contrary to the evidence or not unwarranted by it, and we will not disturb them.

It is true, as contended by counsel for appellants, that at the time these judgments became of effect George Thompson had but an equitable title to the property, which in this suit it is sought to subject to their satisfaction, and the judgments were not liens on the equitable title (*Nessler v. Neher*, 18 Neb. 649; *First Nat. Bank of Plattsmouth v. Tighe*, 49 Neb. 299); but on June 26, 1895, the legal title was conveyed by Hill to Thompson, and the liens of the judgments attached; and, as we have before determined, the decision of the district court that the homestead right was not shown must stand.

For the appellants, the mechanic's lien holders, it was conceded in argument—see quotation herein from the brief—that the questions of their liens and priorities, relative to the judgments, depended entirely upon the existence or non-existence of the homestead right of George Thompson and his wife; and since this question must be disposed of adversely to them, we need not further discuss or adjudicate in regard to the rights of the mechanic's lien holders. The decree of the district court must be

AFFIRMED.