DAVID BROWN *versus* CHARLES THURSTON.

A parol reservation of growing crops, made either before or at the time of the making and delivery of the deed, cannot control the legal effect of the deed; and parol evidence tending to show such a reservation is inadmissible to affect the force of the conveyance.

Rights of tenants at will to.crops.

ON EXCEPTIONS.
' TRESPASS QUARE CLAUSUM.

The plaintiff excepted to the ruling of the presiding Judge, which ruling, together with the material facts in the case, sufficiently appears in the opinion.

*Luce,* for the defendant.

The potatoes growing upon land under a lease not terminated, never had the character of realty, the title to them and the title to the land being separate and distinct. The owner of the land had no interest in the potatoes, — they were fixtures and removable by the tenant at any time. Brown on Stat. of Frauds, (2d Ed.,) §§ 234, 236 ; *Miller* v. *Baker*, 1 Met., 27. The rights of the tenant were not destroyed by the conveyance. *Davis* v. *Thompson,* 13 Maine, 209 ; *Sherburne* v. *Jones*, 20 Maine, 70 ; *Young* v. *Young*, 36 Maine, 136.

The instruction was given in view of the fact that the grantor was not owner of the potatoes at the time of the conveyance, and was right.

There is a distinction between *prima vestura* and *fructus industriales.*

*A. M. Pulsifer,* for the plaintiff.

APPLETON, C. J.— This is an action of trespass for breaking and entering the plaintiff's close, and carrying away therefrom three hundred bushels of potatoes.

It appeared in evidence that the defendant, then owning the premises upon which the alleged trespass was commit-

ted, verbally leased the same in the spring of 1864, to one William R. Goss, who entered upon the same, planted and cultivated, and harvested potatoes growing thereon, and carried them away. The entry by him as the servant, or by direction of the defendant, for the purpose of removing the potatoes on 31st October, 1864, is the trespass complained of.

The plaintiff, to show title in himself, offered a warranty deed of the premises from the defendant to himself, dated Oct. 8, 1864, and proved that, on 11th of the same October, he entered into possession thereof, where he has ever since remained.

The defendant was permitted to show that there was a verbal reservation of said potatoes growing on said land at the time of the execution of his deed to the plaintiff.

This evidence was inadmissible. A parol reservation of fixtures or growing crops, before or at the time of the delivery of the deed, is not admissible in evidence to alter or control the effect of the deed. If the agreement was before the execution and delivery of the deed, it is merged in the final determination of the parties as evidenced by the deed. If it was made at the time of the delivery, it must be regarded as an exception or reservation, and, being repugnant to the terms and effect of the deed, is void. *Noble* v. *Bosworth*, 19 Pick., 314. A parol reservation of the manure upon a farm, made either before or at the time of making the deed, cannot control the legal effect and operation of the deed; and parol evidence tending to show such a reservation is inadmissible to affect the force of the conveyance. *Counce* v. *Foster*, 9 N. H., 538; *Austin* v. *Sawyer*, 9 Cow., 39.

At the date of the defendant's deed to the plaintiff, Goss was the tenant at will of the former. The tenant at will having planted during his tenancy, is entitled to the products of his planting. Neither party, by determining the tenancy, can unfairly prejudice the other in regard to rents or emblements. If the lessee terminate before the day on which

rent is due, he must pay up the rent to that day; when the lessor determines the rent at such a time, he loses his rent. If the lessor determines the tenancy before the wheat or other produce is reaped or gathered, the lessee shall have the emblements, and free ingress, egress and regress to take them away; but when the lessee determines the tenancy at such a time, he loses the emblements. *Davis* v. *Thompson*, 13 Maine, 209; *Sherburne* v. *Jones*, 20 Maine, 70; 1 Cruise on Real Estate, T. 9, c. 1, § 14; 4 Kent's Com., 110.

When a tenant, holding for an uncertain time, sows the land, he is entitled to the crops as emblements. If the plaintiff had notice of the tenancy at will of Goss, at the time of the deed to him, he cannot defeat the right of Goss to his crops. *Davis* v. *Brocklebank*, 9 N. H., 73.

The ruling, that a parol reservation of the potatoes at or prior to the execution of the deed is valid, was erroneous, and a new trial must be had.     *Exceptions sustained.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.