CHARLES W. OAKES, APPELLEE, V. A. C. ZIEMER ET AL., IMPLEADED WITH SARAH GRUNINGER, APPELLANT.*

FILED DECEMBER 5, 1900. No. 11,543.

1. **Constructive. Service:** OPENING DECREE: TENDER OF ANSWER. To entitle a defendant to have a decree entered on constructive service opened up under section 82 of the Code of Civil Procedure he must present a full answer to the merits of plaintiff's cause of action.

2. **Answer:** DENIAL: INFORMATION AND BELIEF: MATTER OF RECORD. An answer is sufficient which denies, on information and belief, material allegations of the petition which are matters of public record.

3. ————: INCONSISTENT DEFENSE. One will not be allowed to plead inconsistent defenses in an answer.

4. **Opening Decree:** BENEFIT TO MOVING PARTY. A decree will not be opened up where the moving party could not be benefited thereby.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Ricketts & Ricketts,* for appellant.

*I. H. Hatfield* and *S. L. Geisthardt, contra.*

*Rehearing allowed.

NORVAL, C. J.

In 1896 Charles W. Oakes brought suit in the district court for Lancaster county to foreclose a tax lien upon a certain lot in the city of Lincoln. One A. C. Ziemer and wife, the owners of said lot, were made defendants, as were also Sarah Gruninger and others. Service was had upon Gruninger by publication, she being a non-resident, and it is conceded that she had no personal knowledge of such suit until about the time she commenced this proceeding. A decree was afterwards rendered against said defendants, foreclosing said tax lien, and under the order of court the premises were sold and the same were bid in by the plaintiff for a sum less than the amount of his lien, the sale was confirmed and a deed duly made and delivered. In May, 1900, Gruninger filed a motion to open up the decree and judgment under section 82 of the Code of Civil Procedure, said motion being supported by a proper affidavit. For answer, as provided in said section, she alleged, first, that she had no sufficient information concerning the facts stated in plaintiff's petition whereon to admit the correctness thereof, and, therefore, for the purpose of placing the plaintiff on proof, denies the allegations contained in plaintiff's petition; that she asks that a hearing may be had as to the truthfulness of the allegations contained in the petition; that an accounting may be taken of the amount due, if anything, to the plaintiff, and that she may be permitted to redeem from the amount, if anything due, by virtue of the alleged tax sale and tax certificate. Further, by way of a cross-petition, she set up a mortgage made by Ziemer and wife to her, which she asks to be foreclosed, again asking leave to redeem from the lien of plaintiff. She further alleges that the judgment taken by one of her co-defendants was for a larger amount than was actually due him, and asks that an accounting may be had of that, although she does not allege that the lien of her mortgage is junior to that of said co-defendant. An an-

swer showing a defense to the cause of action set forth in the petition is a condition precedent to a right to have such judgment rendered on constructive service opened, as will appear from a reading of said section 82 of the Code. The lower court refused to open the decree on this showing, and she appeals from the order denying her motion.

This ruling was right for two reasons: (1.) It is not the office of a denial on information and belief to put in issue the truth or falsity of an allegation whose truth or falsity depends on facts contained in public records. Whether a tax lien of the nature of the one set out in the petition existed against this property was a matter of public record, and to these records she had access at all times; hence, if she is ignorant of the truth or falsity of the allegations contained in the petition, it is her own fault, and she can not, therefore, be heard to say that she has no information whereon to admit its correctness, and for that reason denies it. The denial in this answer was either a sham, or it admitted the allegations of the petition. Maxwell, Code Pleading, 386; 1 Ency. Pl. & Pr., 813 and note 4. The tendering of a sham answer does not meet the requirements of the statute. (2.) The two allegations of her answer are in conflict, as are also the allegations of her cross-petition and her answer. She can not deny that plaintiff has a lien on the premises superior to that of her mortgage, and then, founding her right on such mortgage, ask to redeem from such lien. These inconsistencies will be resolved against her in a court of equity, and she must be held to have admitted the allegations of the petition; hence she has no defense to the cause of action therein set out, and no right to be heard in the case.

As a further right to open the decree, her counsel insists that the same is void, for the reason that the petition fails to state a cause of action. An examination of the petition convinces us that, while the pleading was probably vulnerable to a motion to make more definite

and specific, its allegations were amply sufficient to sustain the decree rendered thereon. Further, if the decree is void, she can hardly find cause of complaint in that fact, but has her clear remedy in a different course of action.

It is insisted that, although she may have no defense to the cause of action set out in the petition, she has a right to have the decree opened because of an alleged error in the amount found due Webster, one of her codefendants. The decree as to plaintiff could not be vacated for that reason, nor the sale thereunder set aside. The liens of Gruninger and Webster were both junior to the tax lien of plaintiff, and as the property did not bring a sufficient amount on the sale thereof to satisfy plaintiff's lien, Gruninger could reap no benefit by the setting aside of the decree so far as the same relates to the cross-petition of Webster. It follows the lower court was right in refusing to open the decree, and its order is therefore

AFFIRMED.