CHARLES W. OAKES, APPELLEE, V. ARTHUR C. ZIEMER ET AL., APPELLEES, AND SARAH GRUNINGER, APPELLANT.

FILED FEBRUARY 4, 1904. No. 13,358.

1. **Decree:** OPENING. The dismissal of an application made by a nonresident defendant to open a decree under the terms of section 82 of the code for want of notice, when such dismissal is based on defects in the answer tendered, does not bar a new application in which such defects are remedied.

2. **Res Judicata.** The first dismissal, however, bars another one on the same grounds as the first, unless it affirmatively appears from the record that such matters were not considered on their merits.

3. ――――. The answer in the present case *held* to tender no issue as to the existence or the amount of the plaintiff's tax lien. The former answer, which was held insufficient, presented all the facts on which appellant bases a claim of right to open the decree merely for the purpose of redeeming. There being nothing in the record to indicate that this question was not heard upon its merits, it must be deemed settled by the former dismissal and its affirmance.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Ricketts & Ricketts,* for appellant.

*I. H. Hatfield* and *S. L. Geisthardt, contra.*

HASTINGS, C.

In *Oakes v. Ziemer,* 61 Neb. 6, and in the same case on rehearing, 62 Neb. 603, the subject matter of this case has already been under consideration in this court. It is an attempt on the part of Sarah Gruninger, nonresident de-

8

fendant, to open a decree rendered against her and others in favor of Charles W. Oakes in foreclosure of a tax lien. A former application was dismissed by the district court in the following terms: "It appearing to the court that said application tendered no issue as against the plaintiff by the showing now on file, it is therefore by the court ordered that said application to open the decree of the court heretofore entered herein be, and the same hereby is, denied." The former proceeding, like this one, was an attempt to open up the decree under section 82 of the code because of appellant's nonresidence and of no actual notice to her of the pendency of Oakes' action to foreclose his tax lien. The present application was also dismissed by an order in the following terms: "This cause now comes on to be heard upon the motion of the defendant Sarah Gruninger, to open the judgment and decree of the court heretofore entered herein, and for leave to defendant to answer the plaintiff's alleged cause of action, and is submitted to the court; on due consideration whereof and being fully advised in the premises, the court finds that one application to open up the judgment and decree herein, made by the same defendant, has been overruled, and that the same question was therein adjudicated; it is therefore by the court ordered that said motion be, and the same is, overruled; to which ruling the said defendant Sarah Gruninger duly excepts, and is allowed forty days from the rising of the court in which to reduce her exceptions to writing, and the supersedeas bond herein is by the court fixed at the sum of $100." The defendant Gruninger appeals.

Was the former conclusion, as the trial court found, an adjudication upon the merits preventing the present one? Is the new matter in the answer now filed sufficient to warrant opening the decree? The answer to the first query seems to be governed by that to the latter one. The record shows that the dismissal of the first application was because, in the judgment of the court, the answer tendered with it presented no issue as against Oakes' petition. It is true that the order of dismissal merely speaks of no

issue "in the showing on file," but, as the only place in this showing where an issue could be tendered would be in the answer required to be filed with the application to open, it seems clear that the action of the trial court in the first case amounts to a finding that no sufficient answer was presented, and therefore no opening of the judgment could be had. This was clearly the basis of the affirmance of that action in all three of the opinions filed in it. No reason is seen why an insufficient answer should be any more conclusive of the merits when it is offered in connection with an application to open a judgment than it would be upon a direct demurrer.

In *State v. Cornell,* 52 Neb. 25, 38, the relator had failed to charge the tender of a bond, which was necessary to the accruing of any right to have a contract awarded him. A demurrer to his petition was filed; he asked leave to file an amended petition, and it was denied him; his action was dismissed; he began a new one, putting in the missing allegation; the dismissal was pleaded in bar; the plea, sustained by the lower court, was overruled in this, the court saying:

"The former adjudication determined no more than that the pleading, as presented, was insufficient; that the facts therein stated did not constitute a cause of action, not that the party presenting the pleading did not have a cause of action." Citing *Gould v. Evansville & C. R. Co.,* 91 U. S. 526. This case goes to the point for which it was cited and is supported by *Wiggins Ferry Co. v. Ohio & M. R. Co.,* 142 U. S. 396; 2 Black, Judgments (2d ed.), secs. 707-709; 1 Freeman, Judgments (4th ed.), sec. 267. Mr. Freeman, at the place cited, indicates that the authorities are in conflict, but that their weight is in favor of the proposition that, if it distinctly appears from the record that the decision was based upon the want of an allegation which was subsequently supplied, the second action, in which such defect is cured, will not be barred by the former's dismissal.

It is true that in this case counsel claim that the answer

is not directly passed upon; that it is the motion which is under consideration, and that the answer is, as the trial court seemed to indicate, a part of the showing in support of such motion, and that the appellant stands in the situation of one who, having set up a cause of action, fails to support it with sufficient evidence. This can hardly be the case. The presentation of a sufficient answer is one of the conditions for the consideration of an application to open a judgment. In the absence of such an answer the court would have no authority to look at the application. It seems to us clear that a record which shows the rejection of an application for want of a sufficient answer can not be held to be a bar to a new application upon a different answer which is sufficient. Of course, it would be a bar to any further application based upon the same answer or one identical in substance, and that, we take it, is the real ground of the trial court's conclusion in this case, that the present answer is substantially like the one passed upon in the dismissal of the former application. It was no doubt concluded that the present one was equally defective in the same way.

It is true that the answer now presented contains a denial verbally sufficient. The denial in the old answer was held bad for indefiniteness, and because it was based merely on want of information. The new answer admits title of Ziemer and that the property was subject to taxation in 1892 and 1893, and then contains a general denial, "except as admitted or modified." The admissions include one of plaintiff's certificate of tax sale, implied in an allegation that it was issued on January 5, and was void as the treasurer had no authority to make any public tax sale on that day, and in an allegation that it did not contain recitals necessary to make it valid if based upon a private tax sale. There is also an allegation that the certificate gave no authority to pay subsequent taxes, and a plea of a right to redeem from them. The answer therefore impliedly admits the tax sale certificate and the payment of subsequent taxes, and does not set up any

facts going to show that Oakes' purchase at tax sale and payment of subsequent taxes did not create a valid lien to the amount he claimed. The new answer contains an assertion in terms of a right to redeem, on the appellant's part, from Oakes' lien because of her mortgage on the premises. This right, however, if it exists, fully appears from the facts set up in the first petition.

The cross-petition contained in the present answer is not claimed to differ in any material respect from the cross-petition in the former answer, and would seem to confer no new right. The present answer, like the first one, seems to raise only the question of the right to redeem from plaintiff's decree and from the sale under it, because of the failure to receive personal notice of his action, and not because of any sufficient defense to it. It seems also that the two former opinions must be held to have adjudicated that the appellant had no such right; that her right to open the decree depended upon her not having simply an equity of redemption in the premises, which was sought to be foreclosed by th··t decree, but upon her having a substantial defense to the merits of the plaintiff's claim, or some part of it, which she had had no opportunity to present. We find nothing to indicate that such right of redemption was not as fully presented at the former hearing as it can be in this one, and such being the case the former decision has clearly become the law so far as this action is concerned. *State v. Cornell,* 52 Neb. 25, and cases there cited.

A final judgment will be presumed to have been upon merits, unless the record shows otherwise. *Durant v. Essex Co.,* 7 Wall. (U. S.) 107. As to the matters actually embraced in the first answer, the former dismissal is a complete bar. The formal denial can not be treated as raising an issue upon the question of the existence or amount of the tax lien. Whether or not the right of redemption, and the setting of it up, should be held sufficient to constitute an answer and to call for the opening of a judgment, it is not necessary for us to decide at this time.

This claim was as good under the former answer as it is now, and the former dismissal must be held to have settled it so far as this particular judgment is concerned.

It is recommended that the order of the district court be affirmed.

OLDHAM, C., concurs.

AMES, C., having been of counsel, did not sit.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is

AFFIRMED.