GILBERT L. COOPER, APPELLEE, V. FERNANDO KENNEDY,
APPELLANT.

FILED FEBRUARY 26, 1910.   No. 15,916.

Vendor and Purchaser: RESERVATION OF CROPS: PAROL EVIDENCE. Grow-
ing crops are personal property which pass by deed as appurte-
nant to the realty, but they may be severed therefrom by reserva-
tion evidenced either by parol agreement or by instrument in
writing. The vendor may show by parol evidence that such crops
were reserved from the sale of the land.

APPEAL from the district court for Red Willow county:
ROBERT C. ORR, JUDGE.   Affirmed.

Cordeal & McCarl, for appellant.

Morlan, Ritchie & Wolff, contra.

LETTON, J.

On the 22d of July, 1907, the plaintiff sold his farm to
defendant by warranty deed, at the same time by parol
agreement he reserved the possession of the land until the
1st of March, 1908, and also reserved all the growing crops
upon the land.   Afterwards he harvested a portion of the
crops without objection by the defendant.   It is admitted
in the answer that in the latter part of August the de-
fendant entered into a field of corn on the premises, gath-
ered a portion of the crop, and that on August 27 while
the plaintiff was gathering corn the defendant went to
the field, forbade the plaintiff from further gathering
corn therein, and commanded the plaintiff to leave the
premises, and now asserts that he is the owner of the corn.
On the same day the plaintiff filed his petition alleging
these facts, and further alleging that the defendant threat-
ens to enter upon the land, to take the corn and deprive
the plaintiff of same, and that the defendant is insolvent
and cannot be compelled to respond in damages.   No tres-
pass is shown other than as above admitted, nor are there

any threats in evidence. In this state of the record the writer is of opinion that no facts have been shown sufficient to authorize the issuance of the extraordinary writ of injunction, but a majority of the court are of a contrary opinion, and it will therefore be necessary to consider the principal question in the case, which is whether parol proof may be made of a reservation of growing crops where no such reservation is made in the deed of conveyance. The authorities are irreconcilable on this question. A number of states hold that growing crops, being *fructus industriales*, are personal property and do not necessarily pass with the conveyance of the land; that there is a distinction between such planted crops and such products of the soil as growing timber or grass, which are known as *fructus naturales*, and which pass with the soil, unless separated and reserved by instrument in writing.

In this state, however, the question as to whether such crops will pass by deed was discussed in the case of *In re Estate of Andersen*, 83 Neb. 8, and it was held: "Until a crop is severed from the land upon which it is grown, it is such part of the real estate as will pass by a deed of conveyance or by a devise of the land, unless reservation thereof is made in the deed, or there is evidence contained in the will of the testator that the devisee of the land should not be entitled to the crop." The question whether the reservation must be made in a deed was not involved in the case, so that this portion of the holding is obiter. The syllabus of the case is as follows: "Unless reserved, crops standing upon the ground, matured or not, pass to the grantee named in a deed of conveyance, or to a party to whom the land is devised."

In an early Indiana case, *Turner v. Cool*, 23 Ind. 56, 85. Am. Dec. 449, it was held that the crop passed with the deed, notwithstanding a previous written agreement expressly reserving the same, for the reason that the prior preliminary contract could not affect the terms of the deed into which the contract was finally merged. To the same effect is *Brown v. Thurston*, 56 Me. 126, 96 Am. Dec. 438,

as respects a parol reservation. *McIlvaine v. Harris,* 20 Mo. 457, 64 Am. Dec. 196; *Gibbons v. Dillingham,* 10 Ark. 9, 50 Am. Dec. 233; *Chapman v. Veach,* 32 Kan. 167; *Garanflo v. Cooley,* 33 Kan. 137; *Kammrath v. Kidd,* 89 Minn. 380; *Smith v. Price,* 39 Ill. 28, 89 Am. Dec. 284; *Firebaugh v. Divan,* 207 Ill. 287. The later Indiana cases have adopted the contrary rule. *Stoddard v. Johnson,* 75 Ind. 20; *Hisey v. Troutman,* 84 Ind. 115.

In *Aldrich v. Bank of Ohiowa,* 64 Neb. 276, it was held that growing crops do not pass to the purchaser of the land at judicial sale, so as to defeat the rights of one holding a chattel mortgage on them, following *Foss v. Marr,* 40 Neb. 559; *Monday v. O'Neil,* 44 Neb. 724. The decision in these cases is based upon *Cassilly v. Rhodes,* 12 Ohio, 88, and *Houts v. Showalter,* 10 Ohio St. 124, and the reasoning of the Ohio cases is based upon the premise that such crops are in law regarded as personalty. The language of the opinion might justify the thought that it was the idea of its writer that a deed would not carry growing crops where no mention is made of them by the parties either in the conveyance or by extraneous writing or parol contract; but this point was not involved, and we find no difficulty in holding as the Ohio court did in the case of *Baker v. Jordan,* 3 Ohio St. 438: "In the absence of any proof that any other valid disposition of them attended or had preceded the deed, that instrument would certainly convey them." The whole subject is well considered in that case. While the Ohio statute as to emblements passing to the executor is mentioned, it is not made the basis of the decision. The following excerpt concisely expresses the view of the court: "A deed purports to convey the realty. But what is the realty? Growing corn may be a part of it, for some purposes, but it is generally to be considered as personalty. If the parties to a deed, either by words or their behavior, signify their understanding that as between them it is personalty, the law will so regard it, and will respect their intention in the construction of the deed. When the evidence of such understand-

ing is produced, it is not to contradict the deed, for with that it is perfectly consistent; but it is to show that what in some instances would go with the lands as part of the realty was, in that case, converted into personalty by the will of the parties, and thus to hold the deed to its true meaning and effect."

The Pennsylvania rule is that growing crops, *fructus industriales,* are personal property, but pass by conveyance with and as appurtenant to the realty, unless severed therefrom by reservation or exception; that the vendor may show such reservation by parol evidence, but that a reservation of the natural products of the earth, *fructus naturales,* must be in writing. *Backenstoss v. Stahler's Administrators,* 33 Pa. St. 251, 75 Am. Dec. 592. This is substantially the view taken in the following cases: *Flynt v. Conrad,* 61 N. Car. 190, 93 Am. Dec. 588; *Bond v. Coke,* 71 N. Car. 97; *Walton v. Jordan,* 65 N. Car. 170; *Glass v. Blazer Bros.,* 91 Mo. App. 564; *Cannon v. Matthews,* 75 Ark. 336. In New Jersey, in equity, a parol reservation of crops was allowed and enforced, but this was as a reformation of a deed. *Hendrickson v. Ivins,* 1 N. J. Eq. 562.

From a consideration of these cases and of the previous decisions of this court, we are satisfied to declare that, though growing crops are personal property, they pass by deed as appurtenant to the realty, but they may be severed therefrom by reservation either by parol agreement or by instrument in writing, and that the vendor may show by parol evidence that such crops were reserved from the sale of the land. Such crops may be sold upon execution as personal chattels, or they may be conveyed by a verbal contract. In the absence of a reservation, such crops pass by the deed; but a reservation is a collateral contract which may exist at the same time as a contract to convey the real estate. Of course, in case of a dispute, written evidence of such a contract would be of a much more satisfactory nature; but in this case, where the undisputed evidence shows that the vendor remained in pos-

session of the land and crops and harvested the small grain upon the same without objection or interference by the defendant, that defendant admitted the plaintiff's right to the crop to others, and that it was only after he had become dissatisfied in some respects that he claimed the right to the crops, there is no room for doubt or controversy as to the rights of the parties.

Adopting this rule, the plaintiff is entitled to retain the crops, and the judgment of the district court is

AFFIRMED.