FRANK KEENAN, APPELLANT, v. JOSEPH SIC, APPELLEE.

FILED MAY 29, 1912.    No. 16,636.

Pleading: JUDGMENT ON THE PLEADINGS. In an action of replevin, the defendant pleaded title in himself. The specific allegations and admissions in the reply were inconsistent with the claim and ownership set forth in the petition. *Held,* That the motion of defendant for judgment on the pleadings was properly sustained.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*James R. Swain* and *H. C. Vail,* for appellant.

*A. E. Garten, contra.*

HAMER, J.

This is an action of replevin. The plaintiff, Frank Keenan, who is the appellant in this court, says in his petition that he is the owner and entitled to the immediate possession of a two-thirds interest in and to about 30 acres of wheat now in the shock or stack on the S. E. ¼ of 17-19-8, in Boone county, Nebraska, of the value of $500; that the defendant wrongfully and unlawfully detains said goods and chattels from the possession of the plaintiff, and has detained the same for the space of ten days, to plaintiff's damage in the sum of $50. The prayer is for judgment that the defendant return the property to the plaintiff and for damages, or for $550, the value of the property in case a return cannot be had.

The defendant answered, first, by a general denial; and, second, that on the 11th day of January, 1909, he, the said defendant, entered into a contract to purchase the land upon which wheat was then growing, being the land described in plaintiff's petition; that this contract was made with the plaintiff and others who were the owners of said land, and that said contract was in writing, and that said writing made no reservation of said wheat, or any part thereof, and that on or about March, 1909, the defendant entered into possession of said premises under and by virtue of said agreement. For his third defense, the defendant answered that on the 22d day of January, 1909, the plaintiff and others, as owners of the land mentioned in the plaintiff's petition, executed and delivered to the defendant a deed of general warranty, without any reservation of said wheat then growing on said land, by the terms of which the plaintiff, Frank Keenan, conveyed to the defendant all interest in said land, without any reservation whatever; that said deed was duly delivered to the defendant on or about the 17th of March, 1909, and was duly recorded in the records of Boone county; that in said deed the plaintiff, Frank Keenan, together with other grantors, covenanted that said land was free from incumbrance, except as to one mortgage of $700, and warranted said title against any other incumbrance, and covenanted to defend the title of said land against the claims of any person whatsoever, with no reservation as to said growing wheat on said land. Fourth. It is alleged that said wheat was not reserved by the plaintiff, but was delivered over to the defendant, and is his sole and separate property. Fifth. The defendant alleges the value of said wheat is about $600. It is also alleged in said answer that, by reason of the replevin and the defendant's interruption of possession, he has been damaged in the sum of $200, no part of which has been paid. The defendant prays judgment against the plaintiff for the property replevied and for its return to the defendant

or, if the same cannot be returned, for the value thereof in the sum of $600 and for damages in the sum of $200.

The reply admits the allegations in the answer to the effect that defendant entered into a written contract for the purchase of the land upon which the wheat in controversy was grown, and that the owners of said land after the execution of the contract executed and delivered a deed to said land to the defendant, and that there was no special reservation of the wheat in controversy in said contract or deed, but that said wheat was specially reserved by the plaintiff and the owners of said land *by parol*, both at the time the contract of sale was executed and the deed, and that the defendant agreed at said times that said wheat should be reserved to the plaintiff. It is also alleged in the said reply that the defendant agreed that he would settle with the plaintiff for said wheat. In the second paragraph of his reply, the plaintiff alleges that he told a third party, who was transacting the business of the sale, that the wheat must be reserved to him, and that said third party by a mistake failed to put a reservation of that kind in the contract and deed. It is further alleged in said reply that the plaintiff had the land on which the wheat was grown rented for the year 1909, and for several years before that, and that his interest in said wheat was acquired by virtue of a lease, which was oral, and which was made with the administrator of the estate of Margaret Keenan, deceased, and that said lease was in full force and effect at the time of the sale of said land, and the plaintiff delivered possession of the same with the understanding and agreement that he was to be paid for his wheat or that he could harvest the same.

On these pleadings the defendant, Joseph Sic, moved for judgment, because no cause of action is stated, and because the pleadings construed together constitute no cause of action. This motion was sustained, and the court found at the time the cause of action was commenced the right of property and the right of possession in the

property were in the defendant, Joseph Sic, and that the value of the property was $350. Judgment was rendered in favor of the defendant, that he was the owner of the right of property and the right of possession, and that he have a return of said property or its value in the sum of $350, and that he recover his costs. No testimony was taken, and the judgment rests upon the pleadings and motion in the case.

The plaintiff contends that parol testimony is admissible to prove that growing crops may be severed from a transfer of real estate by deed. It is said that this question was involved in the recent case of *Cooper v. Kennedy,* 86 Neb. 119.

The petition is an ordinary petition in replevin, and states conclusions sufficient, when accompanied by the statutory affidavit, to justify the issuance of the writ of replevin, but the pleadings which come after the petition, and which modify it, attempt to detail the facts upon which both the plaintiff and defendant rely, and they were construed together by the district court when it sustained the motion, and the question submitted to this court is whether the construction adopted by the district court is right. The statement in reply, which admits the allegations in the answer concerning the making of a written contract for the purchase of the land by the defendant from the plaintiff and others upon which the wheat in controversy was grown, and that the owners of the land after the execution of the contract executed and delivered a deed to said land to the defendant whereby said land was conveyed to the defendant, and that there was no special reservation of the said wheat in controversy contained in said contract or said deed, but that said wheat was specially reserved by the plaintiff and the owners of said land by parol, both at the time the contract of purchase and the deed were executed and delivered, and that the defendant agreed at said times that said wheat should be reserved to the plaintiff, states a good cause of action if it stood alone; but, unfortunately,

that statement does not stand alone, but is immediately coupled with and followed by the statement that the defendant agreed that he would settle with the plaintiff for such wheat. If he did, then it is the duty of the defendant to settle with the plaintiff for the wheat by paying him for it, but the wheat itself belongs to the defendant. The defendant owns the wheat, but he owes the plaintiff for it, although it does not appear how much, all of which leaves an uncertainty in the mind concerning the truth of any fact claimed to be agreed upon between the plaintiff and defendant. This uncertainty is further increased by the next statement, that the plaintiff told a third party who was transacting the business of the sale that the wheat must be reserved to him (the plaintiff), but that said third party by mistake failed to put the reservation in the contract and deed. This is followed by still another statement to the effect that the plaintiff delivered possession of the land, with the understanding and agreement that he was to be paid for his wheat or that he could harvest the same. As the plaintiff did not harvest the wheat, he seems to have elected that he would be paid for it. In that event the defendant would seem to owe the plaintiff for the wheat, and the plaintiff might bring his action against the defendant for the value of the wheat, but certainly not for the possession of the wheat itself.

While the plaintiff would have the right to prove that the reservation of the wheat was made by parol (under the opinion in *Cooper v. Kennedy,* 86 Neb. 119), this does not excuse him from stating a cause of action, and this he seems to have failed to do. He started with an action of replevin. Of necessity that action depended upon his right of ownership and possession. He is obliged to stay with his original action as he started out with it. He cannot exchange it for some other form of action. "The ultimate question to be determined in a civil action is, whether the public force shall be used in behalf of one party to compel some act or forbearance on the part of the other; that is, whether one party has a right of action

against the other, and at every stage of the action, whatever the state of the pleadings, an inquiry whether the pleadings, as they stand, will warrant such interposition is both pertinent and impending." Phillips, Code Pleading, sec. 35. "A pleading should be construed with reference to the general theory upon which it proceeds; and a pleading should not be uncertain as to which of two or more theories is relied upon." Phillips, Code Pleading, sec. 354. *First Nat. Bank v. Root,* 107 Ind. 224. The plaintiff should be required to state specifically what he denies. *Williams v. Evans,* 6 Neb. 216. One will not be allowed to plead inconsistent defenses. *Shellenbarger v. Biser,* 5 Neb. 195; *School District No. 27 v. Holmes,* 16 Neb. 486; *Columbia Nat. Bank v. German Nat. Bank,* 56 Neb. 803; *Oakes v. Ziemer,* 61 Neb. 6. It would seem that the reply should be consistent with the petition. It is not.

The question is not presented as to whether the plaintiff could replevin a two-thirds interest in 30 acres of wheat in the shock or stack, and we do not decide it.

The motion for judgment was properly sustained by the district court.

AFFIRMED.