GEORGE REUDELHUBER, APPELLEE, v. DOUGLAS COUNTY, APPELLANT.

FILED DECEMBER 29, 1916.  No. 19134.

1. **Negligence: IMPUTED NEGLIGENCE.** "One who is injured by reason of a defective bridge while riding in a private vehicle may recover from a county otherwise liable, notwithstanding the negligence of the driver, which may have contributed to produce the injury, the injured party being free from negligence and having no authority or control over the driver." *Loso v. Lancaster County*, 77 Neb. 466.

2. **Evidence** examined, and *held* sufficient to sustain the verdict of the jury.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*George A. Magney* and *Ray J. Abbott*, for appellant.

*Albert S. Ritchie*, contra.

MORRISSEY, C. J.

May 25, 1913, one D. W. Wiley, with a party of friends, of whom plaintiff was one, in attempting to drive his automobile across one of defendant's bridges, forming a part of the public roadway, collided with a guard, or railing, of the bridge. Plaintiff was thrown out of the automobile and suffered a fractured knee. He brought suit against the county, alleging that the iron guard rail at the west end of the bridge, and on the south side thereof, had become loosed from the clamp by which it had been fastened to the frame of the bridge, and had been so bent that it protruded into the roadway two or three feet; that this condition had existed so long that the defendant county in the exercise of ordinary care and diligence had knowledge of the defect.

The answer denies that the bridge was out of repair; alleges that the guard rail was in its proper place, and that the automobile was negligently driven against the frame of the superstructure of the bridge, thereby breaking the guard rail loose from its fastening.

Appellant in its brief states the issues, as follows: "The question at issue in the case is whether or not Douglas county was negligent in maintaining the bridge upon which the plaintiff was injured, and, if it was negligent, was the plaintiff injured by reason of such negligence on the part of the county, and, if he was so injured, the amount of damages he suffered."

By its third instruction, the court told the jury: "The county is liable for an injury caused by an unsafe and defective condition of a county bridge, notwithstanding the fact that no actual notice of said condition had previous to the occurrence of the accident been given to any officer of the county concerned, where the defects were of such a nature or had existed for such a length of time that by the exercise of ordinary care they might have been discovered and repaired."

Appellant concedes that this instruction correctly states the law, but argues that the evidence is insufficient to sustain the findings.

The driver testified that as he approached the bridge there was another automobile approaching from the other direction, and this compelled him to keep to the right-hand side of the road; that he saw the rail protruding into the roadway at the bridge, but was so close to it that he could not avoid the collision. He says he swung the front of the car toward the center of the driveway, and thus avoided a collision with that part of the machine, but he was so close to the protruding rail that it caught the fender about the middle of the car and wedged itself between the rear wheel and the body of the car, causing the car to stop instantly. In this he is fully corroborated by one of the passengers. Of course, this testimony does not prove that it had been out of condition for such a length of time as would be notice to defendant and its officers; but there is also evidence showing the condition of the clamp designed to hold the rail in place. The clamp was filled with dirt, which indicates that the rod had been loose for some

time.   There is also evidence of a bend in the rail and rust spots upon the rail, and these are said to indicate that the bend had existed for a considerable period of time.

Defendant offered the testimony of witnesses who passed over the road frequently, one of whom had walked across the bridge the day the accident occurred. They testified that the bridge was in proper condition; but there was nothing to expressly direct their attention to this rail.   The jury, under the direction of the court, made an examination of the bridge.   They must have been impressed with the condition in which they found the rail and clamps, and we cannot say that under the evidence, which their observation enabled them to understand, the verdict is so unsupported that it must be overthrown.

In the assignments of error formal complaint is made of the instructions given, but they are not further urged in the brief, and these assignments will be treated as waived.

It is urged, however, that the court erred in failing to submit for the consideration of the jury the question of the contributory negligence of the plaintiff because the proof shows that the automobile, at the time it approached the bridge, was being driven at a rate of speed in excess of 8 miles an hour.   It is provided by section 3049, Rev. St. 1913: "Upon approaching an intersection of highways, or a bridge, or a sharp curve, or a steep descent, or another vehicle, or an animal, or person outside of any village or city, the person operating a motor vehicle shall reduce the speed of such vehicle to a rate not to exceed eight miles an hour and shall not exceed such speed until entirely past such intersection."

The statutory rate of speed was not alleged in the pleadings.   The answer merely alleged that the automobile was being driven in a careless and reckless manner, and was driven against the superstructure of the bridge.   The instructions given by the court are sufficient-

ly explicit to cover all issues raised by the pleadings. If defendant desired a more explicit instruction, it ought to have made a seasonable request. Even had request for the instruction been made, it would not have been error to refuse it. Plaintiff was free from blame, and the rule is laid down in *Loso v. Lancaster County,* 77 Neb. 466: "One who is injured by reason of a defective bridge while riding in a private vehicle may recover from a county otherwise liable, notwithstanding the negligence of the driver, which may have contributed to produce the injury, the injured party being free from negligence and having no authority or control over the driver."

We cannot say that the verdict is unsupported by the evidence. The jury was correctly instructed, and the judgment is

AFFIRMED.

FAWCETT, J., not sitting.