WALTER J. BERLO, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED JULY 14, 1920.  No. 20905.

1. Negligence: IMPUTED NEGLIGENCE. The negligence of the driver of a vehicle cannot be imputed to one riding with him as a mere invited guest.

2. Street Railways: ACTION: SUFFICIENCY OF PETITION. Where plaintiff sued a street car company for injuries received while riding as a guest in the automobile of a third person, which injuries were alleged to be due to defendant's negligence in backing a street car out of a Y, held, that a demurrer to the petition was properly sustained, where the case was not brought within the rule of the last clear chance, and where the petition showed that it was not the negligence of defendant, but the negligence of the driver of the automobile, that was the proximate cause of plaintiff's injuries.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed.

Kennedy, Holland, DeLacey and Horan, for appellant.

John L. Webster, contra.

MORRISSEY, C. J.

This is a suit for damages for personal injuries alleged to be due to defendant's negligence in backing one of its street cars out of a Y at Forty-sixth and Cum-

ing streets in the city of Omaha, and thereby causing the automobile in which plaintiff was riding to strike against the curb. The trial court sustained a demurrer to the petition and dismissed the action. Plaintiff appeals.

At the time of the accident plaintiff was riding in the automobile of one Mallo as a guest. Defendant urges that the petition shows that Mallo was guilty of negligence in driving, and that such negligence is a bar to this suit. Under the holdings of this court, and of the great majority of American courts, the negligence of the driver of a vehicle cannot be imputed to one riding with him as a mere invited guest. *Loso v. Lancaster County*, 77 Neb. 466; *Craig v. Chicago, St. P., M. & O. R. Co.*, 97 Neb. 586; *Reudelhuber v. Douglas County*, 100 Neb. 687. To state a cause of action, however, the petition must show that the negligence of defendant was a material factor in causing the injury complained of.

Does the petition show actionable negligence on the part of defendant? The material averments of the petition are: Defendant was operating an electric street car line on Cuming street in the city of Omaha, terminating at Forty-sixth street, where a Y was maintained. At the northwest corner of the intersection of these streets, there was a building which "obstructed the view * * * and prevented any one coming east on Cuming street from knowing whether or not one of defendant company's cars was on said Y and about to back out therefrom onto Cuming street."

Plaintiff was riding east on Cuming street in the automobile of one Mallo, as an invited guest.

"Cuming street from Fiftieth street on the west toward Forty-sixth street on the east is a very steep hill sloping downward to the east, and it is difficult to descend this Cuming street hill with any character of automobile at a slow speed. As the automobile in which plaintiff was riding descended the Cuming street

hill and had passed over Forty-seventh street, the defendant company, without warning or signal of any character, and without having any employee stationed on the rear platform, and with full knowledge of the approach of the automobile in which plaintiff was riding, suddenly and negligently backed one of its cars southwesterly out of the Forty-sixth street Y toward the extension of the south Cuming street track.

"Notwithstanding the automobile in which plaintiff was riding was in plain view coming down the hill, where it would be difficult to stop it, defendant company negligently continued to back its car southwesterly at an angle at which, if the car was continued to be backed onto the extension of the south Cuming street track, there would be a collision between the street car and the approaching automobile, or the automobile would be forced against the south curb. And the defendant company continued to so negligently back its car * * * after having a clear and unobstructed view of the approaching automobile, and * * * notwithstanding it could have stopped its car immediately.

"When plaintiff's host suddenly saw defendant company's car backing out at an angle across Cuming street, he first turned his automobile toward the north, with the hope of passing around defendant's car to the north side, in order to escape a collision; but as the passageway on the north side of the street was still blocked by the front end of defendant's car not having cleared same, plaintiff's host, in the emergency thus created, was compelled and did then turn his automobile * * * so far to the south that without fault on his part he came into contact with the south curb. The automobile was overturned and thrown against one of the defendant company's iron trolley posts, and the occupants of the automobile, including plaintiff, hurled out of the car against said iron trolley post."

Briefly summarized, the negligence alleged against defendant consisted in the failure to have a man on the

rear end of the street car as it was being backed into Cuming street; the failure to wait until the street was clear before backing into it; the failure to give any warning or signal indicating an intention to back the car out of Forty-sixth street; and the failure to stop the street car after having ample opportunity to discover the danger of the oncoming automobile with reference to the backing car, and before the street car projected so far into Cuming street as to force the automobile against the south curb.

The petition does not show that in the normal course of events it was necessary for defendant to stop its cars until the street was clear of oncoming automobiles. The mere allegation that "it is difficult to descend this Cuming street hill with any character of automobile at a slow speed" is not sufficient, as against a demurrer, to establish such an absolute duty on the part of defendant. Nor would the fact that defendant used a car that, in rounding the curves of the Y, projected over the rail "to such an extent as to leave an inadequate, insufficient, and unsafe passageway for automobiles and other vehicles" necessarily give rise to an obligation to stop. Unless the driver of the automobile was in such a position that he might reasonably have the right to attempt to pass, and might reasonably be expected to try to do so, or unless other special circumstances were present, the projection of the car, which was regularly used upon this line, and which fact was not claimed to be unknown to the driver of the car, is not such a circumstance as, by itself, would make the continued backing of the car constitute actionable negligence. In this case the street car backed into plain sight of the automobile when the latter was a block away. The automobile was on a slope, and its occupants had an excellent opportunity to discover the presence of the street car. There is no allegation in the petition that any effort was made to stop the automobile, or that it was impossible to control it. When

Johnson v. St. Paul Fire & Marine Ins. Co.

these facts are considered, together with the fact that the accident occurred, not as the result of a collision with the street car, but from a striking of the curb, it is impossible to reach any other conclusion than that it was the negligent driving of Mallo, and not any act or omission on the part of defendant, that was the proximate cause of plaintiff's injury, unless defendant, despite the negligence of the driver, had such an opportunity to save plaintiff from injury as would bring the case within the rule of the last clear chance.

The rule of the last clear chance is not applicable, however. The petition does not, as previously pointed out, allege that the automobile could not be controlled, nor does it set out any facts from which defendant ought reasonably to have known that the occupants of the automobile were in danger and not able to stop, and that an accident was inevitable if the backing of the car was continued. In the absence of such a showing, we can only infer that defendant had a right to assume that the automobile would follow the usual course and get safely through the regular channels of traffic.

The demurrer was properly sustained, and the judgment is

AFFIRMED.

ALDRICH, J., not sitting.